

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Overruled by 0-1981

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-1135
Re: Whether Section 5 of House
Bill No. 190, Acts of the
Forty-sixth Legislature,
i.e., Article 567b, Vernon's
Penal Code, authorizes the
Comptroller to pay officer
and witness fees upon regu-
lar felony certificates and
charge them against appro-
priation for payment of
felony fees?

We are in receipt of your request in which you
quote Section 5 of House Bill No. 190, Acts of the Regu-
lar Session of the Forty-sixth Legislature, i.e., Article
567b, Vernon's Penal Code, and ask for an opinion on the
following questions:

"I will thank you to advise this
department whether fees accruing to wit-
nesses and county officers under this
Act should be paid upon the regular
felony certificates and forms issued by
this department and charged to the ap-
propriation for the payment of fees in
felony cases.

"If you hold that such fees are
payable out of the appropriation made
for costs in felony cases, then would
a fee arising under a case filed in a
lower court under the above described
Act carry the approval of the District

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, Page 2

Judge as provided in Article 1034?"

Article 47, Vernon's Penal Code, includes a definition of a felony:

"An offense is an act or omission forbidden by positive law, and to which is annexed, on conviction, any punishment prescribed in this Code. An offense which may - not must - be punishable by death or by confinement in the penitentiary is a felony; every other offense is a misdemeanor. Felonies are either capital or not capital. An offense for which the highest penalty is death is a capital felony. Offenses are divided into felonies and misdemeanors." (Underscoring ours.)

Under Chapter Two, Title 15, "Costs in Criminal Actions", Volume 3, Vernon's Code of Criminal Procedure, Articles 1018 through 1036, as amended, set out the costs and fees to be paid by the State to officers and witnesses.

House Bill No. 257 of the Forty-sixth Legislature, the Judiciary Appropriation Bill, contains the following items:

"16. Fees and cost of sheriffs, attorneys, and clerks in felony cases, and fees of County Judges, County Attorneys, Justices of the Peace, Sheriffs and Constables in examining trials where indictments are returned ........................ $195,000.00 $195,000.00

"19. Expenses of attached witnesses, witness fees, and mileage allowed witnesses in felony cases where the witness lives outside the county where the case is tried .......................... $190,000.00 $190,000.00

Section 5 of Article 567b, Vernon's Penal Code provides:

"In all prosecutions under sections 1, 2, and 3 of this Act, process shall be issued and served in the county or out of the county where the prosecution is pending and have the same binding force and effect <u>as though</u> the offense being prosecuted were a felony; <u>and all officers issuing and serving such process in or out of the county wherein the prosecution is pending, and all witnesses from within or without the county wherein the prosecution is pending shall be compensated in like manner as though the offense were a felony in grade.</u>" (Underscoring ours.)

First and second convictions for a violation of Sections 1, 2, or 3 of Article 567b, supra, in the event the check, draft, or order is in an amount less than fifty dollars, are punishable by fine or imprisonment in the county jail, hence they are misdemeanors. See Section 4, "Penalties", Article 567b, supra.

But where the check, draft, or money order is in the amount of fifty dollars or more, even upon first conviction, punishment is by confinement in penitentiary, and a felony has been committed.

Third conviction for a violation of Sections 1, 2, or 3 regardless of the amount of check, draft, or order involved in the first two convictions, draws a penalty of "confinement in the penitentiary for not less than two (2) nor more than ten (10) years" and it follows that a third conviction would amount to a felony.

Returning to a consideration of Section 5, supra, which states that all officers and witnesses, "shall be compensated in like manner as though the offense were a felony in grade", it must be pointed out that the appropriation for fees and costs to be paid by the State in felony cases would not cover misdemeanor cases such as first and second convictions under Sections 1, 2, or 3 of Article 567b, supra, where the amount of money involved is less than fifty dollars, the provisions of Section 5 about compensation "in like manner as though the offense were a felony in grade" notwithstanding.

Honorable Geo. H. Sheppard, Page 4

First and second convictions under Article 567b, supra, where amount of money involved is less than fifty dollars, are not felonies, and costs and fees incurred in connection with prosecution of same are not payable out of the "felony" appropriation under the Judiciary Appropriation Act. It is otherwise with third convictions and convictions where the amount involved is fifty dollars or more, which are felonies under Article 47, Vernon's Penal Code, supra, because of the penalty they carry. Costs and fees in respect to their convictions are not payable by reason of Section 5, Article 567b, supra, but because they are "felonies" and subject to Chapter Two, Title 15, Vernon's Code of Criminal Procedure.

It is our opinion, and you are so advised, that the appropriation under House Bill No. 257, Forty-sixth Legislature, the Judiciary Appropriation Bill for the current biennium, for payment by the State of costs and fees to officers and witnesses in felony cases, as provided in Chapter Two, Title 15, Vernon's Code of Criminal Procedure is not available for the purpose of compensating officers and witnesses in similar manner for first and second convictions under Article 567b, Vernon's Penal Code, where the amount of money involved is less than fifty dollars, which are misdemeanors only, but it is available, in all cases of a third conviction and convictions where the amount involved is fifty dollars or more, which amount to felonies within the statutory definition of Article 47, Vernon's Penal Code; and that there is no appropriation with which to carry out the provisions of Section 5 of Article 567b.

Article 1034, Vernon's Code of Criminal Procedure, reads as follows:

"The District Judge, when any such bill is presented to him, shall examine the same carefully, and inquire into the correctness thereof, and approve the same, in whole or in part, or disapprove the entire bill, as the facts and law may require; and such approval shall be conditioned only upon, and subject to the approval of the State Comptroller as provided for in Article 1035 of this Code and the Judge's approval shall so

Honorable Geo. H. Sheppard, Page 5

state therein; and such bill, with the action
of the Judge thereon, shall be entered on the
minutes of said Court; and immediately on the
rising of said Court, the Clerk thereof shall
make a certified copy from the minutes of said
Court of said bill, and the action of the Judge
thereon, and send same by registered letter to
the Comptroller. Provided the bill herein re-
ferred to shall before being presented to such
District Judge, be first presented to the County
Auditor, if such there be, who shall carefully
examine and check the same, and shall make what-
ever recommendations he shall think proper to
be made to such District Judge relating to any
item or the whole bill.

"Fees due District Clerks for recording
sheriff's accounts shall be paid at the end of
said term; and all fees dde District Clerks
for making transcripts on change of venue and
on appeal shall be paid as soon as the service
is performed; and the Clerk's bill for such fees
shall not be required to show that the case has
been finally disposed of. · Bills for fees for
such transcripts shall be approved by the District
Judge as above provided, and with the same condi-
tions, and when approved shall be recorded as
part of the minutes of the last preceding term of
the Court."

It is our further opinion that the provisions of
Article 1034, Vernon's Annotated Criminal Statutes, Code of
Criminal Procedure, as to examination and approval of fees
in felony cases by the District Judge would apply to those
cases of third conviction and convictions where the amount of
money involved is fifty dollars or more under Article 567b,
Vernon's Penal Code, where the offenses are felonies and
the appropriation to pay officers and witnesses under the
Judiciary Appropriation Bill, House Bill No. 257, Forty-sixth
Legislature, is available.

We have not been furnished with the regular fel-
ony certificates and forms issued by your department and
consequently refrain from dealing with that part of your
request pertaining tb them.

Honorable Geo. H. Sheppard, Page 6

       Trusting that we have answered your inquiries satisfactorily, we are

                          Yours very truly

                  ATTORNEY GENERAL OF TEXAS

By                                   
                              Dick Stout
                              Assistant

DS:FG

APPROVED DEC 8, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

